IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENT C. FOSTER,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-cv-1507
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has filed a motion for leave to proceed *in forma pauperis*, which motion (Doc. 1) is **GRANTED**.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. 2244(d).

### I. PROCEDURAL HISTORY

Petitioner is, according to his application, currently confined at the Chillicothe Correctional Institution.  According to the Petition, Petitioner is challenging the sentence imposed upon him after he was convicted by a jury in 1991 in the Belmont County Court of Common Pleas on two counts of rape, one count of felonious sexual

penetration, and one count of gross sexual imposition. He was sentenced to an indefinite term of imprisonment of ten to twenty-five years on each rape count and received the same sentence on the felonious sexual penetration conviction. On the gross sexual imposition charge, he received a definite sentence of two years. All of the sentences were run consecutively.

Petitioner filed an appeal in the Belmont County Court Appeals in 1994. *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994). The Belmont County Court Appeals affirmed the judgment of the trial court in all respects, and Petitioner did not pursue any further direct appeal. Petitioner also filed an action in prohibition in the Belmont County Court of Appeals in 2004, which was dismissed on procedural grounds. *See State ex rel. Foster v. Belmont County Court of Common Pleas*, 107 Ohio St. 3d 195 (2005). In 2011, Petitioner filed an "Application for an Alternative Writ for a Rule Nisi for Lawful Determination of Petitioner's Legal Status" in this Court, Case No. 2:11-cv-00133. In a Report and Recommendation issued on February 11, 2011, the undersigned Magistrate Judge construed the application as a habeas petition and recommended dismissal on the ground that it was time-barred by the applicable statute of limitations. *See Foster v. Chillicothe Correctional Institution*, 2011 WL 692231 (S.D. Ohio Feb. 17, 2011). This Court also determined that, contrary to Petitioner's request, the All Writs Act was unavailable to him because his attempt to seek release from state custody was covered by §2254. The District Judge adopted the Report and Recommendation over Petitioner's objection, *Foster v. Chillicothe Correctional Institution*, No. 2:11-cv-133 (S.D. Ohio Apr. 8, 2011), and also denied his motion for reconsideration, *Foster v.*

*Chillicothe Correctional Institution*, No. 2:11-cv-133 (S.D. Ohio Aug. 12, 2011).  Thus, the District Court dismissed the petition as untimely.  Petitioner appealed the District Court's decision to the United States Court of Appeals for the Sixth Circuit.  In an Order issued on April 10, 2013, the Court of Appeals affirmed the judgment but found that the District Court had improperly converted an All Writs Act request into a §2254 petition.  *See Foster v. Chillicothe Correctional Institution*, 2013 WL 1442540 (6th Cir. April 10, 2013).  Consequently, the Court of Appeals clarified that the action should not count as a first petition under §2254.  Petitioner petitioned the Court of Appeals to rehear its April 10, 2013 decision.  In an Order issued on June 17, 2013, the Court of Appeals denied Petitioner's petition for rehearing.  *See Foster v. Chillicothe Correctional Institution*, No. 11-3923 (6th Cir. June 17, 2013).

In his Petition, Petitioner argues that he is not in the lawful custody of the State of Ohio for several reasons.  Specifically, Petitioner asserts in ground one that he was denied his Fourth Amendment rights when he was seized without lawful authority.  As to the facts supporting that ground, Petitioner alleges that no criminal complaint or affidavit was filed in his criminal case.  In ground two, Petitioner claims that he was denied due process and deprived of his immunity as a citizen of the United States.  As to the facts supporting this ground, Petitioner seems to argue that there was no law supporting his conviction.  As to the timeliness of the Petition, Petitioner asserts that the statute of limitations does not apply "because [he] was not brought under the law." (Doc. 1, Ex. 1 at 10).

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d)(1) states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The Court concludes that this limitations provision applies to Petitioner's request for relief, and bars it because it was filed well after the limitations period expired.

As set forth above, Petitioner was convicted and sentenced in 1991. *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994).  The state court of appeals affirmed his conviction and sentence, *See State v. Foster*, 1994 WL 149881 (Belmont Co. App. April 12, 1994), and Petitioner did not pursue any further direct appeal.  Because Petitioner's conviction became final, for purposes of the statute of limitations, prior to April 24, 1996, the effective date of §2244(d)(1), the statute of limitations began to run on that date.  As explained in *Jurado v. Burt*, 337 F.3d 638, 649 (6th Cir. 2003), Petitioner had one year from the effective date of the statute, or until April 24, 1997, to file a timely habeas corpus petition in this Court.  Petitioner did not do so, and this case is therefore time-barred unless some other reason exists to excuse his compliance with the applicable statute of limitations.

Petitioner's additional filings in the Belmont County Court of Appeals, this Court, and the Court of Appeals have no impact on the statute of limitations analysis.

The Supreme Court of Ohio dismissed Petitioner's action for a writ of prohibition on December 7, 2005, and Petitioner did not seek any relief in federal court within one year of that date.  Even if he had sought such relief, Petitioner did not file that action within a year of April 24, 1996, so it could not have had any impact on the running of the statute of limitations, which expired on April 24, 1997, well before Petitioner sought any relief in the state court.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Similarly, the Court of Appeals found that the District Court erroneously converted Petitioner's All Writs Act petition into a request for relief under §2254 because it failed to provide Petitioner with the proper warning.  Although the Court of Appeals clarified that the All Writs Act action would not count as a first petition under §2254, it did not address whether Petitioner would have the ability to bring a timely §2254 petition – that is, one that is not barred by §2244(d)(1).  Thus, these filings do not alter this Court's statute of limitations analysis.

Petitioner argues that the statute of limitations does not apply because he "was not brought under the law."  (Doc. 1, Ex. 1 at 10).  Such an argument does not provide a proper basis upon which to avoid application of the statute of limitations.  *See, e.g., Allen v. Warden, Warren Correctional Institution*, 2014 WL 29533, at *8 (S.D. Ohio Jan. 3, 2014), *citing United States ex rel. Wahl v. Sims*, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void").  Based on the foregoing, there does not appear to be any reason not to apply the statute of limitations found in §2244(d)(1) to Petitioner's application, or to find that his application

was timely filed. The fact remains that Petitioner's claims had to be brought within one year of the date on which the judgment became final and non-appealable, or, as in this case, within one year of the effective date of 28 U.S.C. §2244(d)(1).

In addition, even if the Petition was timely, federal courts will not address a Fourth Amendment claim on habeas review as long as the petitioner had a full and fair opportunity to litigate the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95, 96 S. Ct. 3037, 49 L.Ed.2d 19067 (1976). What this means is that if a petitioner had "an available avenue" to bring his Fourth Amendment claim to the attention of the state courts, he or she had the "opportunity" described in *Stone v. Powell*. *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). Here, the record reflects that Petitioner chose not pursue his Fourth Amendment claim on direct appeal, and there is no evidence that the state courts failed to provide him with an adequate opportunity for litigation of that claim. Further review of that claim in this Court is, therefore, barred under *Stone v. Powell*.

The Court has not analyzed the issues of whether Petitioner has grounds for the equitable tolling of the statute of limitations, or whether he can make a showing of actual innocence. If he has such arguments (which do not appear on the face of his petition) he may raise them in any objection he might file. *See generally* <u>Shelton v. United States</u>, 800 F.3d 292 (6th Cir. 2015).

### III. RECOMMENDED DISPOSITION

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. 2244(d).

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

-8-

                                                 /s/ Terence P. Kemp\
                                                 United States Magistrate Judge