**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Kent C. Foster,**

      **Petitioner,**

      **v.**

**Warden, Chillicothe**
**Correctional Institution,**

      **Respondent.**

**Case No. 2:15–cv–1507**

**Judge Michael H. Watson**

**Magistrate Judge Kemp**

## OPINION AND ORDER

On October 30, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  ECF No. 2.  Petitioner objects.  ECF No. 3.  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, the Court overrules Petitioner's objection and adopts the R&R.

Petitioner challenges his 1991 criminal convictions in the Belmont County Court of Common Pleas.  In 1994, the state appellate court affirmed the judgment of the trial court.  Petitioner did not pursue an appeal.

The Magistrate Judge concluded that, because the judgment of conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, Petitioner had one year from that date, or until April 24, 1997, to file this habeas corpus petition.  Petitioner waited until April 29, 2015, to do so.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of the case as time-barred. He maintains that the Magistrate Judge improperly recommended dismissal of the case pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. He argues that the statute of limitations does not apply "as no state court judgment was had." Obj. PAGEID # 23, ECF No. 3. According to Petitioner, he had no obligation to comply with the one-year statute of limitations. He requests consideration of the merits of his claims.

Petitioner's arguments are not persuasive. Rule 4 permits dismissal of the petition where, upon its examination, it plainly appears that relief is not warranted. Such are the circumstances here. Preliminary examination reflects that the petition is plainly time-barred. A claim that a judgment is void does not excuse a petitioner from compliance with the one-year statute of limitations. Moreover, Petitioner had the opportunity to raise this issue in the Ohio courts and has failed to explain his lengthy of his delay in pursuing federal habeas corpus relief. Additionally, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.

For these reasons and for the reasons detailed in the R&R, the Court **OVERRULES** Petitioner's objection, ECF No. 3, **ADOPTS** the R&R, ECF No. 2, and **DISMISSES** this action.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**